## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**FRANCISCO AMEZGUITA SR. and
FRANCISCO AMEZGUITA JR. on
behalf of themselves and others
similarly situated,**

        **Plaintiffs,**

    **v.**                         **No.  10-CV-1153**

**DYNASTY INSULATION, INC.,**         **JURY TRIAL DEMANDED**

        **Defendant.**

---

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF UNDER THE FAIR LABOR STANDARDS ACT [29 U.S.C. § 201 *et seq.*] AND NEW MEXICO'S PUBLIC WORKS MINIMUM WAGE ACT [NMSA 1978 § 13-4-10 et seq. and § 50-4-26 et seq.] (COLLECTIVE ACTION COMPLAINT)

Plaintiffs Francisco Amezguita Sr. and Francisco Amezguita Jr. (collectively "Plaintiffs")

bring this action, on behalf of themselves and others similarly situated, under the Fair Labor

Standards Act of 1938, as amended (29 U.S.C. §§ 201 *et seq.*) and the New Mexico Public

Works Minimum Wage Act (NMSA 1978 § 13-4-10 *et seq.* and § 50-4-20 *et seq.*) to recover

wages, at the appropriate rate, for all hours worked, an additional amount as liquidated damages,

punitive damages, and reasonable attorney's fees and costs from defendant, Dynasty Insulation

Incorporated ("Dynasty").  Plaintiffs also seek injunctive relief:

### JURISDICTION

1.     Jurisdiction of this action is conferred on this Court by §§ 16(b) and 17 of the Fair

Labor Standards Act (FLSA), 29 U.S.C. §§ 216(b) and 217.  Jurisdiction is also conferred by 28

U.S.C. §§ 2201-2202, providing for declaratory relief of an actual controversy and by the

provisions of 28 U.S.C. § 1337, relating to any civil action or proceeding arising under an act of

Congress regulating commerce. Supplemental jurisdiction over state law claims is provided by

28 U.S.C. § 1367.

## **INTRODUCTION**

2.      Dynasty Insulation Incorporated ("Dynasty") at all times hereinafter mentioned

has been a corporation with corporate offices in both El Paso, Texas and Las Cruces, New

Mexico. Its New Mexico corporate address is 1646 Mahaney Drive, Las Cruces, New Mexico.

It has been engaged as a mechanical insulating contractor in both states.

3.      In New Mexico, Dynasty is registered as a Texas Foreign Profit Corporation and

engages in contractor work under license number 56255.

4.      Employees of Dynasty are expected to work beyond their scheduled work day and

work week without the benefit of overtime compensation at the rate of one and one-half the

straight time rate after forty (40) hours in a week. This time is compensated at the same straight

time rate despite employees previously completing over 40 hours of work during the work week.

5.      All time worked over forty (40) hours in a work week is required to be

compensated at no less than 1 and ½ the employee's regular wage. 29 U.S.C. § 207(a).

6.      The Employer has willfully and intentionally failed to provide employees with

overtime compensation owed for the three years prior to the filing of this suit. The employer's

willfulness is exhibited by its continued practice of failing to pay overtime for hours beyond 40 despite having been subject to prior lawsuits alleging FLSA overtime violations.

7.     Employees of Dynasty perform work on public works projects as defined under New Mexico law.   These employees have not been provided with the full value of the prevailing wage as set by the relevant wage determinations.

8.     The failure to pay the determined prevailing wage on a public works project is a violation of the New Mexico Public Works Minimum Wage Act (NMSA 1978 § 13-4-10 *et seq*.), the New Mexico Minimum Wage Act (NMSA 1978 § 50-4-21 *et seq*.) and state common law.

9.     The failure to pay prevailing wage is willful as Dynasty was required to sign statements indicating its intent to pay prevailing wage and its compliance with the Minimum Wage Acts.   Nonetheless, it has failed to pay prevailing wages.

## **PARTIES**

10.     Plaintiffs were employed by Dynasty to perform mechanical insulation and related work in New Mexico and Texas.

11.     This action is brought by Plaintiffs, for and on behalf of themselves individually and other persons similarly situated, pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs have consented in writing to become a party to this action and such consent is filed herein with this Court below as Exhibits A - B.   As additional persons consent in writing to

become plaintiffs in this action, such consents will be filed with this Court. The additional

persons who may join this action as consenters are similarly situated in that during the past three

years they have worked in excess of 40 hours in any work week for Dynasty and have been

subject to the policies and practices described herein which violate the Fair Labor Standards Act

(herein "FLSA") (Named Plaintiffs and opt-in consenters are herein collectively referred to as

"Plaintiffs").

12.     At all times relevant herein, Defendant, the employer of the Plaintiffs, has been an

enterprise engaged in commerce, or in the production of goods for commerce within the meaning

of §§ 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s) and has been registered to do

business in New Mexico.

### COLLECTIVE ALLEGATIONS (STATE LAW CAUSES OF ACTION)

13.     Plaintiffs bring this action as a collective action, pursuant to NMSA 1978 § 50-4-

26(D) on behalf of themselves and on behalf of all similarly situated employees currently and

formerly employed by Defendant.

14.     The time periods relevant to delimiting the Class are as follows: the New Mexico

Minimum Wage Act provides a three-year statute of limitations for all claims brought under the

Act, and also provides that employees may recover all wages owed, regardless of the date of the

violation of the Act, where the employer engaged in a continuing course of conduct in violating

the Act. NMSA 1978 § 50-4-32.

15.     The individuals in the Class are so numerous that joinder of all members is impracticable.  Although the precise number of such individuals is currently unknown, Plaintiffs believe that the number of workers employed as insulators by Defendant during the statutory period exceeds 25.

16.     There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members.

## COUNT 1- VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT AND NEW MEXICO PUBLIC WORKS MINIMUM WAGE ACT (NMSA 1978 § 50-4-20 ET SEQ. AND § 13-4-10 ET SEQ.)

17.     Plaintiffs refer to the allegations contained in paragraphs 1 through 16 and hereby incorporate the same herein as though fully set forth.

18.     At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the New Mexico Minimum Wage Act, § 50-4-21.

19.     During the course of their employment, Plaintiffs and others similarly situated performed work on public works projects within the meaning of the Public Works Minimum Wage Act, NMSA § 13-4-10 *et seq*.

20.     Plaintiffs and others similarly situated were not paid the hourly wages required by the wage determinations on those public works projects nor were they provided with overtime on public works projects at one and one-half times the prevailing wage rate.

21.     As a result, Plaintiffs and others similarly situated, were not paid the minimum wages due to them in violation of the New Mexico Minimum Wage Act, § 50-4-1 *et seq*.

22.     As a direct and proximate result of Defendant's failure to pay wages, Plaintiffs have suffered damages in the form of lost wages and loss of use of such wages.

23.     Plaintiffs are entitled to wages owed, plus an amount equal to twice the wage owed in liquidated damages, as well as attorneys' fees and costs. NMSA 1978 § 50-4-26.

24.     Plaintiffs are each entitled to $100 per day for each calendar day on which they worked but were not provided the prevailing wage.  NMSA 1978 § 13-4-14(C).

## COUNT 2:  VIOLATIONS OF THE FEDERAL FAIR LABOR STANDARDS ACT

25.     Plaintiffs refer to the allegations contained in paragraphs 1 through 24 and hereby incorporate the same herein as though fully set forth.

26.     Plaintiffs are covered employees under the FLSA, 29 U.S.C. § 201 *et seq.*  Under the Act, all wages and/or overtime must be paid to covered employees when they are due.

27.     The FLSA constitutes a Congressional recognition that the failure to pay wages owed on time may be so detrimental to the maintenance of the minimum standard of living necessary for the health efficiency and general well being of workers and to the free flow of commerce, that double payment must be made in the event of delay.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

28.     Plaintiffs worked in excess of 40 hours a week for Dynasty during the three years preceding the filing of this action.

29.     Plaintiffs performed insulation work more than 40 hours a week for Dynasty. Time spent working beyond 40 hours in a week has been compensated at the regular rate.

30.     Despite the number of hours worked, Plaintiffs have not received any overtime

compensation at the rate of one and one-half the regular rate from Dynasty.

31.     Dynasty has willfully failed and refused to provide payment at the overtime

compensation rate of no less than 1 and ½ times the regular rate of compensation for all hours

worked in excessive of 40 hours in a work week as required by Section 7 of the Act, 29 U.S.C. §

207.

32.     Defendant's failure to pay Plaintiffs at the appropriate rate for all overtime

worked constitutes a violation of the FLSA, 29 U.S.C. § 215(a)(2).

33.     Any violation of the FLSA based on a failure to pay overtime compensation

provides the employee with a right of action to collect the unpaid overtime compensation and

liquidated damages in an amount equal to the unpaid overtime compensation.  29 U.S.C. §

216(b)

34.     Failure to pay Plaintiffs at the appropriate rate for all overtime worked also

constitutes a violation of New Mexico law.  NMSA 1978 § 50-4-22(D).

35.     Any violation of State law based on a failure to pay overtime compensation

provides the employee with a similar right of action to collect the unpaid overtime compensation

including interest and an amount equal to twice the underpaid wages.  NMSA 1978 § 50-4-26(C)

& (D).

36.     Any employee who receives a judgment award as a result of action to recover

unpaid overtime compensation under 29 U.S.C. § 216(b) is entitled to have his attorney's fees and costs of the action paid by the defendant.

37.     Similarly, in addition to any judgment awarded to plaintiffs under NMSA 1978 § 50-4-26(C), the Court shall order the Defendant to pay the costs of the action and reasonable attorney fees of the Plaintiffs. NMSA 1978 § 50-4-26(E).

38.     In addition, as overtime compensation payments have not been made for each work week in which overtime compensation has been earned, or the next work week, Dynasty is in violation of 29 CFR 778.106 requiring payment of overtime compensation as soon as practicable.

39.     Failure to pay overtime compensation on a bimonthly basis is also in violation of New Mexico law.  NMSA 1978 § 50-4-2(A).

40.     These violations are willful as Dynasty knowingly failed to pay overtime and failed to correct its overtime practices after being subject to a similar suit in the United States District Court for the Western District of Texas.  *See Escobedo v. Dynasty Insulation, Inc.* (W.D. Tex.)  Case No. 2008cv00137.

## COUNT 3: UNJUST ENRICHMENT

41.     Plaintiffs refer to the allegations contained in paragraphs 1 through 40 and hereby incorporate the same herein as though fully set forth.

42.     Plaintiffs and others similarly situated are entitled to payment at the prevailing

wage rate for all public works hours worked for Defendant.

43.     Defendant failed to pay Plaintiffs and others for all hours worked at the

appropriate prevailing wage rate, retained the fruits of Plaintiffs' and others labor, and retained

the monies that, under public contract, should have been paid to Plaintiffs and others as wages

for hours worked.

44.     Defendant was unjustly enriched by its refusal to pay Plaintiffs and others for all

hours worked, and have benefited at Plaintiffs' expense.

45.     Defendant should be required to disgorge this unjust enrichment.

<u>COUNT 4:  INJUNCTIVE RELIEF</u>

46.     Plaintiffs refer to the allegations contained in paragraphs 1 through 45 and hereby

incorporate the same herein as though fully set forth.

47.     Any violation of 29 U.S.C. § 215(a)(2) may be enjoined by this Court under 29

U.S.C. § 217.

48.     Similarly, any violation of the Minimum Wage Act, NMSA 1978, § 50-4-20, may

be enjoined under § 50-4-26(E).

49.     An injunction is necessary as monetary damages are insufficient to fully

compensate employees and, the violations alleged herein are ongoing.  As recognized by the

Congress in its passage of the FLSA and the New Mexico Legislature in the passage of the

Minimum Wage Act, the failure to pay wages in a timely manner is a detriment to the general

well being of workers.  *See Brooklyn Savings Bank*, *supra*, 324 U.S. at 707; NMSA 1978 § 50-4-19.  After the fact compensation, while useful, does not eradicate the harm of the employer's failure to pay all wages owed.

## COUNT 5:  DECLARATORY RELIEF

50.     Plaintiffs refer to the allegations contained in paragraphs 1 through 49 and hereby incorporate the same herein as though fully set forth.

51.     This is also an action for a declaratory judgment under 28 U.S.C. § 2201(a), for the purpose of finally determining an actual controversy between the parties concerning the provisions of the FLSA.  This controversy is, in all respects, one which this Court has jurisdiction of under 28 U.S.C. § 1337(a).

52.     Plaintiffs desire a declaration of their rights and the duties and obligations of the Defendant, in regard to the ongoing controversy and dispute about payment for all hours worked and overtime compensation for time worked in excess of forty (40) hours in a work week.   Such a declaration is necessary and appropriate in order that Plaintiffs may ascertain their rights in reference to the hours they have already performed for Dynasty and so that others will not be deprived of their just compensation for work performed in the future.

## JURY DEMAND

53.     Plaintiffs demand that this matter be heard before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on the behalf of others similarly situated, pray that this Court:

a.      Determine that this action may be maintained as a collective action pursuant to NMSA 1978 § 50-4-26(D);

b.      Order a complete and accurate accounting of all hours worked for Plaintiffs and others, showing all hours worked, specifically those hours in excess of forty (40) hours a week which have not yet been compensated at the overtime rate and any hours that are due and owing to which Plaintiffs and others are entitled and public work performed at any rate below the determined prevailing wage;

c.      Plaintiffs and others be awarded compensatory damages;

d.      Plaintiffs and others be awarded punitive damages;

e.      Plaintiffs and others be awarded damages pursuant to NMSA 1978 § 50-4-26(C), NMSA 1978 § 13-4-14(C) and 29 U.S.C. 216(b);

f.      The Court award Plaintiffs and others pre-judgment and post-judgment interest as permitted by law, including NMSA 1978 § 50-4-26(C);

g.      The Court order that the Defendant place in its place of business a notice describing violations as found by the Court or a copy of a cease and desist order applicable to the employer as per NMSA 1978 § 50-4-26(F);

h.      The Court order that the Defendant distribute to all departments of the state a notice describing the violations as found by the Court and bar Defendant from public works jobs in New Mexico for three years after the distribution as per NMSA 1978 § 13-4-14(A);

i.    Enter a declaratory judgment declaring that Defendant has wrongfully violated

their statutory obligations under the FLSA, and deprived the Plaintiffs of the

rights, protections and entitlements under the law, as alleged herein;

j.    The Court order that Defendant pay Plaintiffs and others' costs and attorneys' fees

as per NMSA 1978 § 50-4-26(E) and NMSA 1978 § 13-4-14(D) and 29 U.S.C. §

216(b); and

k.    The Court award Plaintiffs and the class members such other and further relief as

may be necessary and appropriate.

Dated: December 6, 2010                        Respectfully submitted,

                                               **YOUTZ & VALDEZ, P.C.**


                                               _____/s/ Shane Youtz_____
                                               Shane C. Youtz (shane@youtzvaldez.com)
                                               900 Gold Avenue S.W.
                                               Albuquerque, NM  87102
                                               (505) 244-1200 – Telephone
                                               (505) 244-9700 – Fax

                                               Caren Sencer (csencer@unioncounsel.net)
                                               Weinberg, Roger & Rosenfeld
                                               1001 Marina Village Prkwy., Suite 200
                                               Alameda, CA  94501-1091
                                               (510) 337-1001 – Telephone
                                               (510) 337-1023 – Fax

                                               *Counsel for Plaintiffs*