## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FRANCISCO AMEZGUITA, SR. and
FRANCISCO AMEZGUITA, JR.,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

       v.                            No. 2:10-cv-01153-MV-CG

DYNASTY INSULATION, INC.

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs Francisco Amezguita, Sr.'s and Francisco Amezguita, Jr.'s *Motion for Certification of the Collective Action* (Doc. 20). In an order of December 1, 2011, the Court considered Plaintiffs' *Motion for Entry of Default Judgment* (Doc. 17) and *Notice of Filing Additional Opt-In* (Doc. 13), both of which included affidavits and/or opt-in consent forms from individuals who were not named as Plaintiffs in the Complaint but who seek to share in any judgment against default Defendant Dynasty Insulation, Inc. The Court found that Plaintiffs' submissions were insufficient to show that the individuals mentioned therein are entitled to relief in the instant action, and directed Plaintiffs to file either a motion to amend their Complaint, motion for joinder of parties, or motion for class certification if they wished to press the claims of any individuals not identified as named Plaintiffs in the Complaint. On the instant motion, Plaintiffs contend that this case meets the standards for a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and need not meet the more rigorous requirements for certification as a class action set forth by Fed. R. Civ. P. 23. The Court, having considered the motion, supporting memorandum, affidavits, and relevant

law, and being otherwise fully informed, finds that Plaintiff's *Motion for Certification of the Collective Action* (Doc. 20) should be **GRANTED** as to Plaintiffs' FLSA claim and **DENIED** as to Plaintiffs' related state-law claims. Furthermore, Defendant having failed to answer or otherwise respond to the Complaint within the time allowed by law, the Court will enter default judgment in favor of Plaintiffs. The Court will refer this matter to the presiding Magistrate Judge to conduct a hearing and perform any legal analysis required to recommend to the Court whether and to what extent damages and fees should be awarded, and how damages, if any, should be apportioned, in light of the Court's split finding as to whether certification is proper.

## DISCUSSION

Plaintiffs' Complaint sets forth five counts: (I) violation of the New Mexico Minimum Wage Act, NMSA 1978 § 40-4-20, et seq., and the New Mexico Public Works Minimum Wage Act, NMSA § 13-4-10, et seq.; (II) violation of the FLSA, 29 U.S.C. § 201 et seq.; (III) unjust enrichment; (IV) injunctive relief; and (V) declaratory relief. The Court will first consider whether Plaintiffs and the putative class members are entitled to conditional certification as a collective action pursuant to Plaintiffs' claim under the FLSA, which sets forth its own standard for class certification. *See* 29 U.S.C. § 216(b). The Court will then apply the governing standard for certifying a class action for Plaintiffs' non-FLSA claims and determine if that standard is met.

### I. Plaintiffs' Claim Under the Fair Labor Standards Act

*Certification Requirements*

The FLSA provides a right of action to an employee against his employer when the employer fails to pay proper overtime wages. *See* 29 U.S.C. §§ 203, 207. The statute further

provides that an action may be maintained against an employer

> . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989), quoting 29 U.S.C. § 216(b). Section 216(b)'s provision allowing an employee to bring a collective action nevertheless gives "the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* In addition, a district court presiding over a putative collective action under the FLSA "may authorize the named FLSA plaintiffs to send notice to all potential plaintiffs and may set a deadline for those potential plaintiffs to join the suit."[1] *Leuthold v. Destination America, Inc*., 224 F.R.D. 462, 466 (N.D. Cal. 2004)

Courts have consistently held that a party bringing a claim under the FLSA need only show that he and the parties he wishes to certify as party plaintiffs in a collective action are "similarly situated" within the meaning of the statute in order to obtain conditional certification. Thus, "[t]he other prerequisites for certification under Fed. R. Civ. P. 23, *infra,* are not applicable to claims arising under the [FLSA]." *Leyva v. Buley,* 125 F.R.D. 512, 514 (E.D. Wa. 1989); *see also Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001) (noting that collective actions brought under § 216(b) of the FLSA are "unlike class actions

---

[1] In the instant case, however, because Plaintiffs have already moved for entry of default judgment, it is evident that they wish to forego seeking the Court's authorization to send notice to other potential plaintiffs in this litigation. Accordingly, the Court considers only a class consisting of the named Plaintiffs and the twenty-three individuals who have already filed "opt-in" letters seeking to participate in the instant suit.

under Rule 23" because they require only that the "complaining employees are similarly situated").

"Unfortunately, § 216(b) does not define the term 'similarly situated,' and there is little circuit law on the subject." *Theissen*, 267 F. 3d at 1102. In *Thiessen*, the Tenth Circuit held that the district court's use of a two-step, or "ad hoc," process for determining whether to certify a class under the Age Discrimination in Employment Act – which employs the class-certification mechanism of the FLSA – was not in error. *Id.* at 1005 ("Arguably the ad hoc approach is the best of the . . . approaches outlined because it is not tied to the Rule 23 standards."). The two-step approach has since been applied to other FLSA actions in this Circuit. *See, e.g., Baldozier v. American Family Mut. Ins. Co.,* 375 F.Supp.2d 1089, 1092 (D.Colo. 2005); *Daugherty v. Encana Oil & Gas (USA), Inc*., 2011 WL 6399451, at *4-*5 (D. Colo., Dec. 20, 2011).

The first step in the § 216(b) certification process – and the only step at issue here[2] -- is the "notice stage," in which the district court determines whether there are others similarly situated. At this stage, the representative plaintiff is required to provide " 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.' " *Thiessen*, 267 F.3d at 1102. The representative plaintiff must establish a "reasonable basis" for his claim that there are other similarly situated employees. *See*

---

[2]The second stage in the process comes at the conclusion of discovery, typically in the context of a defense motion to decertify the class. *Thiessen,* 267 F.3d at 1102–03. At that stage of the litigation, a district court applies a stricter standard of "similarly situated" to the putatative class, including application of at least four factors, to determine whether the case can proceed as a class action. Here, the default Defendant did not file an Answer to the Complaint or respond in any way to the instant motion for class certification, thus rendering the second step in the certification analysis moot.

*Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1260 (11th Cir.2008).  The standard applied is "lenient," *Baldozier,* 375 F.Supp.2d at 1092, and "typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Services, Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

***Whether Plaintiffs and the Putative Class Were Victims of a Single Policy or Plan***

Plaintiffs allege that they and the 23 putative class members, all of whom have submitted "opt-in" consent forms to participate in this suit, were employees of Defendant, a mechanical insulation company, from December 6, 2007, to the present.  (Doc. 20 at 1).  Their work include(s) installing insulation and performing related work on various public works projects in the State of New Mexico.  (Doc. 1, Cplt. ¶ 7).  According to Plaintiffs, members of the putative class "are expected to work beyond their scheduled work day and work week without the benefit of overtime compensation at the rate of one and one-half the straight time rate after 40 hours [ ] a week," in violation of state and federal wage laws, including the FLSA.  *Id.* ¶ 4; *see also* 29 U.S.C. § 207(a)(1).  Plaintiffs further allege that Defendant's failure to pay class members the determined prevailing wage is willful, in light of Defendant's affirmatively signing statements professing its intent to comply with existing wage laws.

Because Plaintiffs have proffered substantial allegations that they and the putative class members were employees of the same company, all of whom worked in excess of 40 hours per week and were subjected to the same overtime policies and practices, the Court finds that they are entitled to conditional certification as a class or "collective" action under the lenient standard of the first, "notice" step, of the "ad hoc" certification process. "Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of

5

a single decision, policy or plan." *Daugherty*, 2011 WL 6399451, at *5, quoting *Renfro*, 243 F.R.D. at 433–34.

### *Whether Plaintiffs Must Meet the Second Step of the Certification Process*

Plaintiffs do not attempt to meet the second step of the "ad hoc" class certification process applied by the Tenth Circuit. *See* Doc. 20 at 5-6 (citing out-of-circuit cases that did not adopt the two-step approach to certification of § 216(b) opt-in classes). However, as noted, *supra,* at n.1, the second step in the ad hoc certification process occurs when the district court re-evaluates the conditional certification of the § 216(b) class at a later stage of litigation, once discovery has produced more information regarding the nature of Plaintiffs' claims. Indeed, such a re-evaluation is typically prompted by a defendant's motion to de-certify the class. Here, Defendant has failed to answer or otherwise plead to the Complaint during the time allowed by law. Moreover, while the Court required Plaintiffs to serve Defendant with a copy of the instant motion for class certification (*see* Doc. 19 at 2; Doc. 23) – which thereby presented Defendant with a renewed opportunity to file an Answer – Defendant has likewise failed to respond to the instant motion. Thus, because the default Defendant has waived any right to move to decertify the conditional class, the Court will exercise its discretion to create an opt-in class under § 216(b). Accordingly, Plaintiffs' motion to certify their claim under the FLSA as a collective action will be granted.

### II. Plaintiffs' Remaining State-Law Claims

### *Rule 23 Certification Requirements*

Plaintiffs' failure to apply the certification standard set forth by Rule 23 of the Federal Rules of Civil Procedure to their remaining, non-FLSA claims suggests that they mean to argue

that certification is appropriate for these claims – which accuse Defendant of, *inter alia,* violating the New Mexico Minimum Wage Act and the New Mexico Public Works Minimum Wage Act – pursuant to the FLSA standard. The law is clear, however, that where a plaintiff seeks to certify a hybrid action involving both an FLSA claim and state law claims, the district court should apply the § 216(b) certification standard to the FLSA claim and the Rule 23 standard to the state law claims. *See Levya,* 125 F.R.D. at 512 (applying "similarly situated" certification standard of § 216(b) to FLSA claim and Rule 23 certification standard to additional claims brought under the federal Migrant and Seasonal Agricultural Worker Protection Act and Washington state wage and contract laws); *see also Kuncl v. IBM*, 660 F. Supp. 2d 1246, 1250-51 (N.D. Okla. 2009) (noting that "[h]ybrid actions have troubled district courts across the country because of the inherent conflict between the opt-in requirement of FLSA collective actions and the opt-out requirement of Rule 23(b)(3) class actions"); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743 (9th Cir. 2010); *In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 638 F. Supp. 2d 1290 (D. Colo. 2009); *Gipson v. Southwestern Bell Tel. Co.*, 2008 U.S. Dist. LEXIS 103823 (D. Kan., Jul. 28, 2008). Thus, the Court finds that Plaintiffs must show that they and the putative class meet the requirements set forth by Rule 23 in order to bring their non-FLSA claims as a class action. *See Armijo v. Wal-Mart Stores, Inc.*, 142 N.M. 557 (N.M. App. 2007) (considering motion to certify class on New Mexico Wage Act claim under Rule 23 standard); *Kuncl v. IBM*, 660 F. Supp. 2d at 1252 ("[c]lass actions based on state wage laws are governed by Rule 23 of the Federal Rules of Civil Procedure").

     A plaintiff seeking to certify a lawsuit as a class action pursuant to Fed. R. Civ. P. 23 must satisfy the four requirements of Rule 23(a) – (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. *Shook v. El Paso County,* 386 F.3d 963, 968 (10th Cir. 2004). In

addition, the plaintiff must further establish that the putative class falls within at least one of the three categories of class actions described in Rule 23(b) – (1) the prosecution of separate actions would create a risk of inconsistent adjudications or individual adjudications that would be dispositive of the interests of other members of the putative class; (2) the party opposing the class acted or refused to act on grounds that apply generally to the class as a whole; and/or (3) questions of law or fact common to class members predominate over questions affecting only individual members of the putative class. *See id.* ("the party seeking to certify a class bears the burden of proving that all the requirements of Rule 23 are met."). A district court considering a Rule 23 motion to certify "must engage in its own ''rigorous analysis''" of whether the requirements of Rule 23 are satisfied, and must accept as true the substantive allegations of the Complaint. *Id*. (quoting *Gen. Tel. Co. of the S.W. v. Falcon,* 457 U.S. 147, 161 (1982)).[3]

*Whether Rule 23 Requirements Are Met*

Plaintiffs do not attempt to show that they meet any of the requirements of Rule 23. On the contrary, Plaintiffs simply note that "the more stringent requirements of Rule 23" are inapplicable to the Court's analysis because an FLSA claim is part of the instant suit. (Doc. 20

---

[3]Some courts have concluded that, because of the obvious tension between the "opt-in" procedure of the FLSA (which requires a party plaintiff to give his consent in writing to become such a party) and the "opt-out" procedure of Rule 23 (whereby all potential plaintiffs are bound by the judgment unless they affirmatively opt out of it), Rule 23 state-law wage claims should be precluded from proceeding in the same action as an FLSA collective wage claim. *See, e.g., De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003) (district court erred in exercising supplemental jurisdiction over Rule 23 state law claims because of, *inter alia,* the different opt-in/opt-out requirements in Rule 23 and § 216(b)); *Ellis v. Edward D. Jones & Co.*, 527 F.Supp. 2d 439, 452 (dismissing parallel state-law wages claims on the grounds that adjudicating such claims through Rule 23 would negate the congressional intent behind FLSA's opt-in requirement). Because Plaintiffs do not meet the Rule 23 requirements for class certification of their New Mexico wage-law claims, the Court need not reach the question of whether the two categories of Plaintiffs' claims should proceed in the same hybrid collective action.

at 5). Even accepting as true the allegations in the Complaint, as it must, and applying its own rigorous analysis, the Court finds that Plaintiffs have not established that they satisfy all the Rule 23 prerequisites for class certification. For example, Rule 23(a)'s numerosity requirement recites that the putative class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "In analyzing this element mere numbers have proven an inconsistent guideline to determine the appropriateness of certification." *Levya,* 125 F.R.D. at 515 (citing Wright, Miller & Kane, 7 *Federal Practice and Procedure: Civil 2d* § 1762). Consequently, "courts focus more on the impracticability element, considering such factors as geographical dispersion, degree of sophistication, and class members' reluctance to sue individually, to determine whether joinder would be impracticable." *Id.* Here, Plaintiffs make no representation as to whether joinder of the proposed class members would be particularly burdensome in light of the class members geographical dispersion or relative sophistication. The Court will not attempt to supply reasons why joinder of the 23 class members would be impracticable where Plaintiffs themselves have not. Likewise, Rule 23(d)'s adequacy requirement provides that the class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(d). Again, Plaintiffs make no attempt to demonstrate that they meet this requirement.

In addition to the above requirements of Rule 23(a) – none of which Plaintiffs have established they meet – Rule 23(b) presents three additional critieria, any one of which must be satisfied for an action to be maintainable as a class action. Plaintiffs do not attempt to establish that they meet the requirements of any of the three subsections, and the Court will not comb through their pleadings in an effort to make Plaintiffs' argument for them.

Based on these considerations, the Court finds that it would be improper to certify a Rule 23 class on the strength of the allegations in the Complaint and Plaintiffs' motion for certification. Accordingly, Plaintiffs' motion to certify a class to bring their statutory claims for violation of the New Mexico Minimum Wage Act and the New Mexico Public Works Minimum Wage Act, and state-common-law claims for unjust enrichment, injunctive relief, and declaratory relief will be denied.

### III. Implications for the Remainder of This Litigation

In its December 1, 2011 Memorandum Opinion and Order, the Court noted that it would hold Plaintiffs' *Motion for Entry of Default Judgment* (Doc. 17) in abeyance until Plaintiffs demonstrated whether or not the twenty-three individuals who filed opt-in forms with the Court both before and after the Clerk's entry of default were entitled to a share in any default judgment. Defendant having failed to answer or otherwise respond to either Plaintiffs' *Complaint for Damages and Declaratory Relief Under the Fair Labor Standards Act and New Mexico's Public Works Minimum Wage Act* (Doc. 1) or the instant motion, the Court now finds that entry of default judgment is appropriate. An appropriate order shall be filed forthwith.

Moreover, having concluded that Plaintiffs and the putative class are entitled to certification as a collective action as to their FLSA claim but not entitled to Rule 23 class certification as to Plaintiffs' state-law claims,[4] the Court finds that the instant action merits a hearing to determine how relief should be apportioned. Accordingly, an order of reference to Magistrate Judge Carmen E. Garza shall be entered forthwith.

---

[4] *See, e.g., Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) (allowing certification of FLSA collective action but declining to certify state-law class because plaintiffs could not meet Rule 23(b)'s requirement that a class action be the superior method for fair and efficient adjudication of the controversy).

**CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiffs' *Motion for Certification of the Collective Action* (Doc. 20) is **GRANTED** as to Plaintiffs' claim brought pursuant to the Fair Labor Standards Act and **DENIED** as to Plaintiffs' remaining state-law claims. An order of default judgment and order of reference follows.

**DATED** this 23rd day of February, 2012.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
Shane C. Youtz
Adam Luetto
Caren Sencer