## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FRANCISCO AMEZGUITA, SR. and
FRANCISCO AMEZGUITA, JR.,
on behalf of themselves and others
similarly situated

      Plaintiffs,

vs.                                                                    CV 10-1153 MV/CG

DYNASTY INSULATION, INC.

      Defendant.

## ORDER FOR SUPPLEMENTAL BRIEFING

**THIS MATTER** comes before the Court on United State District Judge Martha Vazquez's *Order of Reference.* (Doc. 26). Judge Vazquez recently granted Plaintiff's motion for default judgment against Defendant Dynasty Insulation and then referred the case to this Court for recommendations regarding the appropriate award of damages. (Doc. 25; Doc. 26; Doc. 27). The Court, having considered the record, the relevant law, and otherwise being fully advised in the premises, determines that supplemental briefing is necessary to consider the proper measure of Plaintiff's damages and a proposed distribution of funds.

The complaint asserts that Defendant Dynasty Insulation failed to pay appropriate regular and overtime wages for work performed by Plaintiffs and similarly situated employees. (Doc. 1 at 2-3). Plaintiffs have asserted claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New Mexico Minimum Wage Act, N.M.S.A. 1978 § 50-4-20 *et seq.*, and the New Mexico Public Works Minimum Wage Act,

N.M.S.A. 1978 § 13-4-10 *et seq.* (*Id.* at 1-8). Plaintiffs seek compensatory, punitive, and statutory damages, their reasonable costs and attorney fees, as well as injunctive and declaratory relief. (*Id.* at 11-12).

The case was initially brought by the two named Plaintiffs - Francisco Amezguita Sr., and Francisco Amezguita, Jr. However, during the course of the litigation, Plaintiffs sought to include an additional 23 employees who wished to "pursue [their] claims against Defendant arising out federal wage and hour laws in the proposed lawsuit." (Doc. 9; Doc. 13). Plaintiffs did not seek to amend the complaint and add the 23 employees, but rather filed signed consent forms for all 23 individuals agreeing to "opt in" to the litigation. (*Id.*). Plaintiffs subsequently filed a motion to certify the case as a collective action under the FLSA. (Doc. 20). Judge Vazquez granted the motion with regard to the FLSA claims but found that Plaintiffs had failed to meet the class action certification requirements for the state law claims. (Doc. 25 at 1-10). Having found that 25 (the two Plaintiffs plus the 23 opt-ins) individuals were entitled to relief under the FLSA claim but that only the two Plaintiffs could recover under the state law claims, Judge Vazquez referred the case to this Court to determine how relief should be apportioned. (Doc. 25 at 10).

Having reviewed the record, the Court finds that there is insufficient information to determine the amount of damages to be awarded to either the Plaintiffs or the 23 opt-in employees. "When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." *United States v. Craighead*, 176 Fed. Appx. 922, 925 (10th Cir.2006) (unpublished) (quoting *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859,

864 (8th Cir.2001)); *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). It is the Plaintiff's duty to prove damages with "reasonable certainty." *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir.1999).

In this case the amount of damages is indefinite or uncertain since there is little evidence establishing the dates of employment, hours worked, or wages paid to the Plaintiffs or opt-in employees. Plaintiffs and five other opt-in employees filed affidavits indicating the approximate dates when they worked for Dynasty, the wage they were paid, the amount of overtime they worked, and the estimated worth of the unpaid overtime wages. (Doc. 15; Doc. 18; Doc. 21). However, the affidavits did not include any pay stubs or evidence to substantiate their claims. The other 18 opt-in employees have not provided any information or evidence regarding their work dates or hours with Dynasty Insulation.

**IT IS THEREFORE ORDERED** that, within 30 days of this Order, Plaintiffs submit supplemental briefing establishing, through competent evidence, the dates worked for Dynasty by Plaintiffs and the 23 opt-in employees, the regular and overtime hours worked, and the wage paid to each employee for those hours. In addition to providing proof of hours worked, Plaintiffs shall submit a propose distribution of funds under the FLSA and the New Mexico state law claims.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE