## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FRANCISCO AMEZGUITA, SR. and
FRANCISCO AMEZGUITA, JR.,
on behalf of themselves and others
similarly situated

    Plaintiffs,

vs.                                                                              CV 10-1153 MV/CG

DYNASTY INSULATION, INC.

    Defendant.

## SECOND ORDER FOR SUPPLEMENTAL BRIEFING

**THIS MATTER** comes before the Court on *Plaintiffs' Supplemental Briefing in Support of Plaintiffs' Motion for Default Judgment*, (Doc. 32), and Plaintiffs' *Declaration of Adam J. Luetto in Support of Plaintiffs' Supplemental Briefing*, (Doc. 33). The pleadings were filed in response to the Court's first *Order for Supplemental Briefing*, (Doc. 28), in which it directed Plaintiffs to provide additional information regarding the proper amount of damages to award to the two named Plaintiffs and the twenty-three opt-in employees. Although Plaintiffs' supplemental brief and declaration have provided some helpful information, they are deficient in other respects and raise a number of new questions . The Court therefore determines that additional supplemental briefing is required.

### I.    Background

As previously discussed, the two named Plaintiffs allege that Defendant Dynasty Insulation failed to pay appropriate regular and overtime wages for work performed by Plaintiffs and twenty-three other similarly situated employees. (Doc. 1 at 2-3). Despite being

served with process, Dynasty Insulation never filed a response and did not enter an appearance.

The complaint asserts claims under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New Mexico Minimum Wage Act, N.M.S.A. 1978 § 50-4-20 *et seq.*, and the New Mexico Public Works Minimum Wage Act, N.M.S.A. 1978 § 13-4-10 *et seq.* (*Id.* at 1-8). In a *Memorandum Opinion and Order*, United States District Judge Martha Vazquez held that the twenty-three opt-in employees could assert claims under the FLSA but that only the two named Plaintiffs were entitled to pursue remedies under the state law claims. (Doc. 25 at 1-10). Judge Vazquez then granted Plaintiffs' motion for default judgment and referred the case to this Court to determine how relief should be apportioned among the named Plaintiffs and twenty-three opt-in employees. (Doc. 26).

At the time of Judge Vazquez's order of reference, there was little information in the record reflecting the dates worked by the employees, the number of regular and overtime hours worked on those dates, or the wages paid during those hours. The record was comprised almost exclusively of "declarations" wherein the Plaintiffs and opt-in employees estimated how many days they had worked for Dynasty, what they were usually paid, and how much overtime they usually worked in a given week. (Doc. 18 at 5-18). The declarants affirmatively stated that they did not have any business records to substantiate their estimations. (*See, e.g.*, *Id.* at 5, 10, 13, 15, 17).

## II.     First Order for Supplemental Briefing and Plaintiffs' Response

The Court, having considered the paucity of documentary evidence in the record, determined that additional information was necessary to prepare a recommendation regarding the award of damages. (Doc. 28 at 2-3). The Court noted that Plaintiffs bear the

responsibility of establishing the proper quantum of damages following a default judgment with "reasonable certainty." (*Id.*) (citing *United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006); *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir. 1999); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). The Court ordered Plaintiff to submit a supplemental brief establishing, through competent evidence, the dates and hours worked by all aggrieved employees. (Doc. 28 at 2-3). The Court further ordered Plaintiffs to submit a proposed distribution of funds under the FLSA and the New Mexico state law claims. (*Id.* at 3).

Plaintiffs filed their supplemental briefing and declaration in support on June 19, 2012. (Doc. 33; Doc. 34). The declaration included pay stubs and invoice statements for payments made to the two named Plaintiffs as well as Leonel Carillo, one of the twenty-three opt-in employees. (Doc. 33, Ex. B; Ex. C; Ex. D). Plaintiffs did not provide any new records for the other twenty-two opt-in employees. However, Plaintiffs resubmitted the original declarations of five opt-in employees: Leonel Carillo, Irvin Jurado, Jose Sanchez, Richardo Valenzuela, and Rodolfo Valenzuela wherein they estimated the amount and value of unpaid overtime hours. (Doc. 33-2 at 4-9, 14-17). Plaintiffs also provided a proposed distribution of funds under the FLSA for those five opt-in employees. The Court assumes that, by not including the declarations of the other eighteen opt-in employees or including them in the proposed distribution of funds, Plaintiffs have waived the claims of the other eighteen opt-in employees.

Adam J. Luetto, counsel for Plaintiffs, states that he is unable to provide the Court with more detailed records because he has not had the benefit of discovery and that he is therefore "limited to what could be culled from the documents retained by the named

3

plaintiffs and several other class members." (Doc. 32 at 3). Plaintiffs' attorney admits that he has lost contact with the majority of the opt-in employees and that he does not have forwarding addresses or contact information for most of them. (*Id.* at 4).[1]

### III.  Need for Further Supplemental Briefing

The Court has significant concerns regarding the supplemental briefing and declaration in support. Some of the concerns relate to the FLSA claims asserted by the opt-in employees while others are restricted to the named Plaintiffs' requests for relief under the New Mexico state law claims.

#### A.  FLSA Claims

With the exception of the pay stubs submitted for Mr. Carillo, Plaintiffs candidly acknowledge that they have not provided any new evidence to substantiate the claims of the four remaining opt-in employees who are seeking damages. They nevertheless contend that the Court may rely entirely on the employees' declarations to "make a finding of damages that is commensurate with that which Plaintiffs initially requested in their Motion for Default Judgment." (Doc. 32 at 3). Unfortunately, they have not included any legal authority to support this assertion. Moreover, their claim seems to be in conflict with the Court's impression, expressed in the first order for supplemental briefing, that evidence beyond the declarations would be necessary to support a claim for damages. (Doc. 28 at 2-3 (notifying Plaintiffs that it was their duty to prove the extent of damages with "reasonable certainty" and requesting that Plaintiffs provide additional documentary evidence in support of their claims.)). If Plaintiffs believe that the Court has

---

[1] The Court assumes that the eighteen opt-in employees not mentioned in the supplemental brief or declaration are those whom Mr. Luetto was unable to contact and who he cannot locate.

misapprehended the quantum of proof necessary to prove damages in the default judgment context, they bear a responsibility to provide some legal authority to buttress their position. Therefore, the Court will order Plaintiffs to provide supplemental briefing establishing under what authority the Court may award damages based on the declarations alone.

### B. New Mexico State Law Claims

The declaration in support of the named Plaintiffs' request for damages under the New Mexico Minimum Wage Act ("MWA") and the New Mexico Public Works Minimum Wage Act ("PWMWA") raises several concerns as well. The first concern relates to the proposed distribution of funds. Plaintiffs calculate their proposed damages under the MWA, PWMWA, and FLSA using the wage they contend they *should* have been paid, which they refer to as the "correct prevailing wage", rather than the wage they were actually paid. (Doc. 33 at 4-5). However, the "correct prevailing wage" refers solely to the wage Plaintiffs should have earned while working on public works covered under the PWMWA. *See* N.M.S.A. 1978 § 13-4-11(B) (Stating that the director of the Labor Relations Division of the New Mexico Workforce Solutions Department shall determine the prevailing wage for certain public works by comparing rates established in collective bargaining agreements for similar work in similar localities). Neither Plaintiff has provided evidence establishing which dates covered in the proposed distribution of funds were spent working on qualifying public works under the PWMWA and which were spent on private projects. (*See* Dec'l of Francisco Amezguita Jr., Doc. 33-2 at 10 (stating that he was not paid the "prevailing wage rate for mechanical insulation and related work on New Mexico public works *and private jobs*."); Dec'l of Francisco Amezguita Sr., Doc. 33-2 at 12 (same) (emphasis added)). The Court will require that Plaintiffs clarify which dates in the proposed distribution of funds were

5

spent working on PWMWA projects and which therefore implicate the "prevailing wage" requirement of the Public Works Minimum Wage Act.

The second concern relates to Plaintiffs' request for damages. Plaintiffs are seeking liquidated and penalty damages under both the MWA, PWMWA, and FLSA for every week where Plaintiffs did not receive proper wages or overtime compensation. (Doc. 33 at 4-5). The Court is concerned that allowing a recovery of liquidated and penalty damages under all three statutes would constitute an improper windfall - they would receive damages three times for the same misconduct. Federal district courts faced with similar cases have generally refused to provide liquidated damages under both the FLSA and the relevant state minimum wage act because it would allow for an improper double recovery. *See, e.g*, *Thornton v. Crazy Horse, Inc.*, 2012 WL 2175753 at * 13 (D. Alaska, June 14, 2012)*; Pineda-Herrera v. Dar-Ar-Da, Inc.*, 2011 WL 2133825 at *4-5 (E.D. N.Y. May 26, 2011) (collecting cases). Those courts have limited the plaintiff's recovery to whichever statute provides the greatest recovery. *Id*. The Court will therefore order Plaintiffs to provide supplemental briefing on the question of whether they are entitled to recover liquidated or penalty damages under all three statutes.

**IT IS THEREFORE ORDERED** that, within 30 days of this Order, Plaintiffs submit supplemental briefing addressing the questions presented in the instant Order. Plaintiffs' supplemental brief shall be due on or before Monday, July 30, 2012.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE